Olayiwola O. Oduyingbo (BBO # 691768)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:      (401) 209-2029
Facsimile:       (401) 217-2299

*Attorney for Plaintiff
Brittany Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRITTANY SMITH, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>GOOD CHEMISTRY BOSTON, LLC, *alias*,<br><br>                              Defendant. | **COMPLAINT FOR:**<br><br>1. **Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.;**<br>2. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*;**<br>3. **Violation of the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B § 1 *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

## **TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ................................................................................................1

PARTIES ........................................................................................................................................1

JURISDICTION ...........................................................................................................................1

VENUE ..........................................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS................................2

    Brittany was Sexually Assaulted By a Co-Worker...................................2

    Brittany Was Sexually Assaulted in A Second Occasion.........................3

    Brittany Was Retaliated Against for Reporting The Sexual
    Harassment Experienced at Work..................................................4

CLAIMS FOR RELIEF ..............................................................................................................4

PRAYER FOR RELIEF .............................................................................................................7

DEMAND FOR JURY TRIAL .................................................................................................8

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Brittany Smith ("Brittany" or "Plaintiff") brings this action against Defendant Good Chemistry Boston, LLC ("Defendant" or "Good Chemistry") to assert her rights and remedy grave and rampant discriminatory and retaliatory violations committed by Defendant over the course of her employment. Plaintiff is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; and the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B § 1 *et seq.* Plaintiff hereby alleges as follows:

## PARTIES

2. Plaintiff Brittany Smith is a citizen and resident of Webster, Massachusetts.

3. At all times relevant herein, Plaintiff was employed by Defendant in the State of Massachusetts.

4. Defendant Good Chemistry Boston, LLC is a corporation duly organized and incorporated under the laws of the State of Massachusetts and maintains its principal place of business at One State Street, 15th Floor, Boston, MA 02109.

5. At all times relevant herein, Defendant was Smith's "employer" within the meaning of all relevant statutes.

## JURISDICTION

6. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Brittany asserts claims arising under federal law. Specifically, this action arises, *inter alia*, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

7. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

8. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendant because Plaintiff was Defendant's employee and she resided within this District, and thus Defendant has sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants' principal place of business is in Massachusetts and Defendant conducts business in Massachusetts. Therefore, Defendants are deemed to reside in this District.

10. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11. The Plaintiff, Brittany, was hired by the Defendant on July 29, 2022, as a retail associate and licensed marijuana agent.

12. Brittany performed her duties competently and to the satisfaction of her employer.

13. She had been diagnosed with anxiety and depression.

14. At the time of her hiring, Defendant was aware of Brittany's condition and recognized that she held a medical card documenting her mental health conditions.

### Brittany was Sexually Assaulted By a Co-Worker

15. Throughout her employment with Defendant, Brittany was sexually harassed by two former co-workers.

16. In the first incident, Brittany was sexually harassed by Luis Rodriguez ("Mr. Rodriguez"), a sales associate.

17. Mr. Rodriguez constantly made inappropriate comments and asked Brittany inappropriate questions.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

18. On at least one occasion, Mr. Rodriguez asked her to participate in a "threesome" and inquired about her interest in having a "train run" on her.

19. Brittany informed her supervisors about Mr. Rodriguez's behavior, but nothing was done.

20. In December 2022, Brittany reported Mr. Rodriguez's behavior and comments to the Human Resources Department. She also reported the incidents to her assistant manager, Maximillion, last name unknown, who reported the incident to Justin Cortes ("Mr. Cortes"), the store manager.

21. Mr. Rodriguez was finally terminated for having repeatedly engaged in this behavior.

**Brittany Was Sexually Assaulted in A Second Occasion**

22. In another incident, Brittany was sexually harassed by Dwayne Vance ("Mr. Vance"), a sales associate, who was hired to replace Mr. Rodriguez.

23. Despite the prior incident involving Mr. Rodriguez, the Defendant did not provide employees with any formal sexual harassment training.

24. In April 2023, Mr. Vance made an inappropriate comment to Brittany, asking if she was "shaking it to get all those tips" after she earned tips while bud-tending at the retail store.

25. Additionally, Mr. Vance would frequently comment to other women in the workplace, "it is getting cold, I'm going to need someone to cuddle with." This behavior was known to those in supervisory positions but allowed to continue.

26. Brittany formally complained to the store manager, Mr. Cortes, about Mr. Vance's behavior. An investigation ensued, resulting in Mr. Vance's termination, only after Brittany complained. The Defendant generally did not address known issues unless formal complaints were documented; it had a reluctance to remedy situations unless faced with potential liability.

27. As a result of Brittany's complaint about suffering sexual harassment perpetuated by a second individual, there is now a sexual harassment policy in place and companywide

sexual harassment training is now required. Had this policy been put into place earlier it may have prevented Brittany and other females from being subjected to such harassment.

**Brittany Was Retaliated Against for Reporting The Sexual Harassment Experienced at Work.**

28. After Brittany formally reported Mr. Vance, Tanesha DeJesus ("Ms. DeJesus"), a retail associate, began calling Brittany a "snitch."

29. Additionally, Ms. DeJesus, in more of one occasion called Brittany "a bitch."

30. Brittany reported Ms. DeJesus's negative behavior to Human Resources.

31. However, HR dismissed her concerns, telling Brittany she was making "negative assumptions" and was "too quick" to report issues.

32. As a result, the Defendant perceived Brittany as a "complainer."

33. Due to HR's inaction, Brittany continued to endure harassment for Ms. DeJesus, which caused her significant stress.

34. In July 2023, Brittany approached the assistant manager, Giancarlos Hernandez ("Mr. Hernandez"), and requested to leave early because the hostile work environment was worsening her anxiety and depression. Mr. Hernandez granted her request.

35. However, two days later, Brittany's employment was abruptly terminated by the Defendant through Mr. Cortes.

36. The Defendant claimed that Brittany violated company policy by leaving work early without permission and for having a bad attitude.

**CLAIMS FOR RELIEF**

37. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

**First Claim for Relief**

*Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.*

38. Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, discriminated against Brittany based on her sex. In fact,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Brittany was sexually harassed during her employment at Defendant. She had to work with men who harassed her because she is female. The employer did not improve the environment which impacts her negatively because she is female. Brittany was subjected to sexual harassment by two male co-workers during her employment at Defendant. This conduct unreasonably interfered with her work performance and created an intimidating, hostile and offensive working environment. This discrimination was unlawful under Title VII, and thereby deprived Brittany of rights secured under this Act. Consequently, Brittany suffered damages as aforesaid.

### Second Claim for Relief

*Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.*

39. Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, was sexually harassed during her employment at Defendant and was a victim of hostile environment. As a female, Brittany belongs to a protected group, yet she was targeted with unwelcome harassment by two male co-workers based on her sex. This harassment significantly impacted her work conditions and the terms of her employment. Despite being aware of the harassment, the Defendant acted maliciously and chose to terminate Brittany's employment. Such conduct constitutes a violation of Title VII, depriving Brittany of the rights guaranteed under the Act. As a result, Brittany suffered damages as outlined above.

### Third Claim for Relief

*Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e*

40. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, retaliated against Brittany for complaining and reporting misconduct at work, she was sexually harassed by two male co-workers and was ultimately terminated. This conduct was in violation of Title VII and thereby deprived Brittany of rights secured under this Act, causing Brittany to suffer damages as aforesaid.

**Fourth Claim for Relief**

*Retaliation Disability Discrimination in Violation of the ADA of 1990, 42 U.S.C. § 12101 et seq.*

41. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, retaliated against Brittany for engaging in the protected activity, of requesting reasonable accommodation (i.e. leaving early from work one day.) This conduct was in violation of ADA and thereby deprived Brittany of rights secured under this Act causing Brittany to suffer damages as aforesaid.

**Fifth Claim for Relief**

*Sex Discrimination in Violation of MA FEPA, M.G.L. c. 151B § 1, et seq.*

42. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, retaliated against Brittany for engaging in protected activity, of requesting reasonable accommodation (i.e. leaving early from work one day). This conduct was in violation of Title VII and thereby deprived Brittany of rights secured under this Act, causing Brittany to suffer damages as aforesaid. Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, discriminated against Brittany based on her sex. In fact, Brittany was sexually harassed during her employment at Defendant. She had to work with men who harassed her because she is female. The employer did not improve the environment which impacts her negatively because she is female. Brittany was subjected to sexual harassment by two male co-workers during her employment at Defendant. This conduct unreasonably interfered with her work performance and created an intimidating, hostile and offensive working environment. This discrimination was unlawful under MA FEPA, and thereby deprived Brittany of rights secured under this Act. Consequently, Brittany suffered damages as aforesaid.

**Sixth Claim for Relief**

*Disability Discrimination in Violation of the MA FEPA, M.G.L. c. 151B § 1, et seq.*

43. The Defendant, through its individual and/or collective actions and omissions, including but not limited to those outlined herein, retaliated against Brittany for engaging in protected activity by requesting a reasonable accommodation—specifically, a half-day off to address her stress and anxiety, conditions of which the Defendant was aware. The Defendant ultimately terminated Brittany after she made this request, which had been approved by her supervisor. Such conduct constitutes a violation of the Massachusetts Fair Employment Practices Act (MA FEPA), depriving Brittany of the rights afforded to her under the Act and causing her to suffer damages as detailed above.

**PRAYER FOR RELIEF**

WHEREFORE, Brittany prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B § 1 *et seq.*

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Brittany whole for all earnings and benefits Brittany would have received but for the violations;

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Brittany is entitled;

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: November 12, 2024

**ODU LAW FIRM, LLC**

By: /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO # 691768
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF,
BRITTANY SMITH**